UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cr-20474-BLOOM/Torres

UNITED STATES OF AMERICA,

v.

RODGER GONZALEZ, JR.,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant Rodger Gonzalez, Jr.'s Motion for Compassionate Release/Reduction in Sentence, ECF No. [93] ("Motion"). The Government filed a Response in Opposition, ECF No. [96], and Defendant filed a Reply to the Government's Response, ECF No. [100].

On February 7, 2024, the Court referred the Motion to Chief Magistrate Judge Edwin G. Torres for a Report and Recommendations. ECF No. [106]. Judge Torres issued his Report and Recommendations, ECF No. [107] ("R&R"), on February 28, 2024. Defendant filed his Objections to the R&R, ECF No. [108], and the Government filed its Response to Defendant's Objections, ECF No. [109]. The Court has carefully considered the Motion, the supporting and opposing submissions, the R&R, the Objection and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Court adopts the R&R in full and the Objection is overruled.

**I.    BACKGROUND**

    **A.  Procedural History**

Defendant was arrested along with his co-conspirators on June 30, 2011, in connection

with an attempted robbery that was a reverse sting operation. *See* ECF No. [30]. Defendant entered a plea agreement, through which he agreed to plead guilty to Count 5 of the Superseding Indictment, which charged Defendant with possessing a firearm in furtherance of a crime of violence and a drug trafficking crime. *Id.* This Court sentenced Defendant to a term of imprisonment of 327 months followed by four years of supervised release, restitution totaling $148,110.63, and a special assessment of $100.00. Defendant twice moved to vacate his conviction, ECF Nos. [40], [71], but the Court denied both motions. ECF Nos. [47], [89].

Defendant's Motion seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues three extraordinary and compelling reasons warrant a reduced sentence: (1) his family circumstances, namely, his status as the sole caregiver for his ailing stepfather, Edward Heflin-El; (2) his rehabilitation following his conviction; and (3) the harsh conditions of his confinement. The Government responds that none of Defendant's reasons meets the standards for extraordinary and compelling circumstances for his release. Even if they did, the Government contends Defendant's Motion should be denied because (1) his release would be inconsistent with 18 U.S.C. § 3553(a)'s sentencing factors; and (2) Defendant's prison record fails to show he would not pose a danger to the community if released.

**B. R&R**

In his R&R, Chief Magistrate Judge Torres correctly identified the governing legal standard. As the R&R observes, ordinarily "a court 'may not modify a term of imprisonment once it has been imposed.'" ECF No. [107] at 3 (citing *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). Judge Torres noted district courts may modify sentences in limited circumstances, but such authority "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Rivas*, 800 F.

App'x 742, 745 (11th Cir. 2020) ("The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule.") (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)).

As the R&R explains, pursuant to 18 U.S.C. § 3582, "a district court may modify a defendant's imprisonment sentence when 'the director of the Bureau of Prisons,' or 'the defendant after the defendant has fully exhausted all administrative rights . . .' moves for sentence reduction." ECF No. [107] at 3 (quoting 18 U.S.C. § 3582(c)(1)(A)). Judge Torres further explained Defendant "bears the burden of demonstrating that the requisite factors exist to make compassionate release warranted[,]" as Defendant moved for this relief. *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)). The R&R then correctly points out that district courts "'may reduce a sentence' when the court finds that there are '(i) extraordinary and compelling reasons [to] warrant such a reduction.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Further, "§ 3582(c) requires that 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* As the R&R points out, "the Eleventh Circuit has held that the relevant Sentencing Commission policy statement, § 1B1.13, is a 'binding policy statement for all Section 3582(c)(1)(A) motions.'" *Id.* at 4 (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). Judge Torres identified the applicable binding policy statement:

> The Sentencing Commission's binding policy statement has determined what qualifies as extraordinary and compelling reasons. See U.S.S.G. § 1B1.13 (effective Nov. 1, 2023). Under the updated policy statement, one extraordinary and compelling reason is "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Additionally, subparagraph (b)(3)(D) extends subparagraphs (b)(3)(C) when a defendant can establish similar circumstances "to those listed . . . [that] involv[e] any other immediate family member or an individual whose relationship is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(D). In addition to the family circumstances of the defendant, other extraordinary and compelling reasons include the medical

> circumstances of the defendant, the age of the defendant, being a victim of abuse, serving an unusually long sentence, or "other reasons" that are "similar in gravity" to those described above. See U.S.S.G. § 1B1.13(b)(1).

*Id.*

The R&R then correctly explains that "if a district court does determine that extraordinary and compelling circumstances do exist, the district court still must consider 18 U.S.C. § 3553(a)." *Id.* (citing U.S.S.G. § 1B1.13(b)(1). "Therefore, a court (1) must apply §1B1.131 when determining whether a defendant has demonstrated that extraordinary and compelling circumstances exist, (2) find that the defendant has exhausted their administrative remedies with the Bureau of Prisons, (3) consider the relevant § 3553(a) factors, and (4) determine that the defendant will not pose a danger to the community." *Id.* The R&R proceeded to apply this standard to Defendant's Motion.

### i. Extraordinary Circumstances

After determining that Defendant exhausted his administrative remedies, Judge Torres proceeded to analyze the three extraordinary circumstances outlined in Defendant's Motion: (1) family circumstances, (2) rehabilitation, and (3) harsh conditions of confinement. *Id.* at 5.

Regarding family circumstances, Judge Torres accurately observed "[a] claim of this kind under U.S.S.G. § 1B1.13 must demonstrate that (1) Edward Heflin-El is medically incapacitated, (2) Mr. Heflin-El and the Defendant have a relationship that is similar in kind to that of a parent, and (3) Defendant is the only person available to care for Mr. Heflin-El." *Id.* at 5-6. The R&R observed Bureau of Prisons Statement § 5050.50 defines incapacitation as a "serious injury, or a debilitating physical illness . . . [which renders that person] completely disabled, meaning [that the person] . . . cannot carry on any self-care and is totally confined to a bed or chair." 28 C.F.R. § 5050.50. The R&R also notes "these claims should be supported by medical records, letters, and/

4

or other documentation." *Id.* Judge Torres found Defendant's supporting letters and medical records show Mr. Heflin-El has "several medical issues and is currently awaiting a kidney transplant[,]" but that "whether Mr. Heflin-El is incapacitated by the standard explained above is a close call." *Id.* Although it was unclear if Mr. Heflin-El is incapable of self-care, Judge Torres found Defendant's Motion fails even if Mr. Heflin-El "is incapacitated in the way that 18 U.S.C. § 3582 and U.S.S.G §1B1.13 contemplate." *Id.* at 7. This is because Judge Torres also found "Mr. Heflin-El and Defendant's relationship is not 'similar in kind' to that of a parent in the way the statutory framework and supporting Sentencing Commission policy statement envisions[,]" and because Defendant is not the only available caretaker for Mr. Heflin-El. *Id.* at 7-8.

Regarding Defendant's relationship with Mr. Heflin-El, the R&R correctly observes "[t]he Sentencing Commission's policy statement only goes as far as directly mentioning parents, children, and spouses, and other potential immediate family members like grandchildren, grandparents, and siblings." *Id.* at 7 (citing U.S.S.G §1B1.13(b)(3)(A)-(D)). Defendant argues the policy statement supports a broader concept of a father-son relationship, and contends his relationship with Mr. Heflin-El, his stepfather, is thus encompassed by the policy statement. Judge Torres noted "Defendant was arrested in July of 2011 shortly after being reunited with his biological father, was well into his thirties at the time of his arrest, and has been incarcerated since[,]" however. *Id.* at 8. Judge Torres found "[i]t is thus unlikely that a parent-like relationship has arisen between the two due to the relatively short duration of their relationship." *Id.* Although he acknowledged the possibility the two developed a relationship since Defendant's incarceration, and that "a relationship between a stepfather and stepchild can rise to the level of being 'similar in kind' to that of a parent," Judge Torres concluded "the relationship here does not seem to be 'similar in kind' to that of a parent and child." *Id.*

5

The R&R also found "Defendant is not the only available caretaker for Mr. Heflin-El[,]" observing that Mr. Heflin-El also has a wife, daughter, step-daughter, and step-granddaughter. *Id.* Judge Torres observed "the letters attached to Defendant's Motion communicate various other commitments that make taking care of Mr. Heflin-El inconvenient or inopportune," but that such obstacles do not meet "the standard that section §1B1.13(b)(3)(D) requires." *Id.* The R&R notes its sympathy "to the notion that it can be difficult to care for loved ones and continue with life's normal obligations," but concludes that "being inconvenienced does not disqualify the Defendant's family members from being available caregivers; thus, defendant is not the only available caregiver for Mr. Heflin-El." *Id.* (citing *United States v. McBriarty*, No. 3:16-cr-109 (SRU), 2021 WL 1648479, at *8 (D. Conn. Apr. 27, 2021); *United States v. Nishida*, No. 19-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 12, 2023)). The R&R accordingly found Defendant's family circumstances fail to present an extraordinary or compelling circumstance justifying relief.

    **ii.    Rehabilitation**

Regarding Defendant's post-confinement rehabilitation, the R&R accurately observes that "[w]hile the Sentencing Commission's policy statement does allow for the consideration of rehabilitation, it allows the consideration only in 'combination with other circumstances.'" *Id.* at 9 (citing U.S.S.G §1B1.131). Judge Torres explained §1B1.131(b) does not list rehabilitation as itself an extraordinary or compelling circumstance; further, "although §1B1.131(b)(5) lists 'other reasons' as another consideration, these reasons must be 'similar in gravity' to those described in the other paragraphs of this policy statement." *Id.* (citing U.S.S.G. §1B1.131(b)(5)).

Judge Torres accordingly found that "[w]hile Defendant's efforts at rehabilitation are admirable, rehabilitation is not the kind of reason that is similar in gravity to 'scenarios [that] fall[] outside the experience of nearly all federal inmates, such as a terminal medical condition[s], [a]

6

dire family emergency, or [being] abused at the hand of a custodian.'" *Id.* at 9-10 (quoting *United States v. Carter*, No. 03-374-1, 2024 WL 136777, at *9 (E.D. Penn. Jan. 12, 2024); citing *United States v. Mann*, No. 6: 04-031-DCR-1, 2024 WL 666324, at *6 (E.D. Ky. Feb. 16, 2024) (footnote omitted)). Moreover, to the extent Defendant "is arguing his rehabilitation is an additional factor to consider on top of his alleged extraordinary and compelling circumstances," the R&R found "Defendant has not otherwise established extraordinary and compelling circumstances in his motion to consider his rehabilitation with; thus, his rehabilitation argument is immaterial because rehabilitation alone is not a factor that can be considered for compassionate release." *Id.* at 11 (citing *United States v. Bryant*, No. 16-20188-CR-Scola, 2024 WL 663955, at *3 (S. D. Fla. Feb. 16, 2024); *Mann*, 2024 WL 666324, at *6). The R&R accordingly concluded Defendant's rehabilitation also fails to provide a basis for relief.

### iii. Harsh Conditions of Confinement

The R&R then considered whether the conditions of Defendant's confinement presented an extraordinary and compelling circumstance justifying relief. Judge Torres began his analysis by noting the relevant policy statement, § 1B1.131(b)(5), was amended in November 2023, and now states: "Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* Judge Torres observes this amendment removed the language "[a]s determined by the Director [of the Bureau of Prisons]," and that it was accordingly unclear whether this amendment disturbed the Eleventh Circuit's holding in *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) that only the Director of the Bureau of Prisons can determine whether a proffered reason constitutes an "other reason[]" justifying compassionate release. ECF No. [107] at 11-12.

However, the R&R concluded the Motion fails to show Defendant's conditions of confinement constitute an "other reason" justifying relief on the merits, and that the Court accordingly need not determine whether *Bryant* affords it the discretion to find harsh conditions provide a basis for compassionate release. *See id.* at 13.

On the merits, Judge Torres found Defendant's experience in confinement during the Covid-19 pandemic does not qualify as "an 'other reason' for his alleged extraordinary and compelling circumstances under §1B1.131(b)(5)." *Id.* at 13. As the R&R explains, "[w]hile the pandemic did create difficult circumstances for everyone, this argument has not been recognized by courts as an extraordinary and compelling circumstance." *Id.* (citing *United States v. Castillo*, No. 12-cr-230-3, 2024 WL 453608, at *4 (E.D. Pa. Feb. 6, 2024); *United States v. Alvarez*, No. 14-cr-90110-BLOOM, 2022 WL 16856250, at *6 (S.D. Fla. Nov. 10, 2022); *United States v. Jaha*, No. CR 21-76-GF-BMM, at *3 (D. Mont. Jan. 16, 2024); *United States v. Herandez-Hernandez*, No. CR21-32RSM, 2023 WL 5977159 at *3 (D. Or. Jan. 11, 2024)).

The R&R accordingly found none of Defendant's reasons for compassionate release constitute extraordinary and compelling reasons warranting his release.

### iv. The § 3553(a) Factors

Judge Torres then briefly considered the applicability of the § 3553(a) factors to Defendant, although he noted his finding that Defendant has not presented an extraordinary and compelling reason warranting his compassionate release rendered those factors moot. As the R&R explains:

> Section 1B1.13(a) directs courts to also consider the factors set forth in 18 U.S.C. § 3553(a) when determining if a defendant should be granted compassionate release. § 3553(a) lists, among other things, "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed." 18 U.S.C. § 3553(a)(1)-(2). Moreover, § 3553(a)(2) emphasizes the need to consider "adequate deterrence to criminal conduct," a "reflect[ion] of the seriousness of the offense," "protect[ion] [for] the public from further crimes of the defendant," and "provid[ing] just punishment for the offense."

8

ECF No. [107] at 15. First, Judge Torres noted Defendant was "convicted of a very serious offense," namely, "knowingly carrying a firearm in connection with a crime of violence and a drug trafficking crime." *Id.* at 15. The R&R concluded the "seriousness of this offense, along with the above-mentioned goals of the statute and policy statement, counsel against compassionate release." *Id.* at 16 (citing *United States v. Spivey*, 471 F. Supp. 3d. 621, 624-25 (E.D. Pa. 2020)).

Second, regarding Defendant's criminal history and characteristics, the R&R observes Defendant's criminal history "put him in the category of a 'career offender[.]'" Judge Torres noted Defendant's criminal history "started at the age of 13 and continued unabated to his most recent arrest at the age of 33" and concluded this history does not counsel in favor of compassionate release. *Id.* at 16-17 (citing *United States v. Gray*, No. 22-11963, 2023 WL 1836789, at *3 (11th Cir. Feb. 9, 2023) (affirming district court's dismissal of motion for compassionate release where § 3553(a) factors counseled against granting the motion because an "early release would not reflect the seriousness of his offense, promote respect for the law, or afford adequate deterrence considering his present offense of armed robbery and his criminal history designating him as a career offender.")). Third, the R&R found Defendant's 327-month sentence "was necessary to reflect the goals of the statute mentioned above, and releasing defendant early given the criminal history and circumstances surrounding his most recent offense would "undermine the intended purpose of deterring future criminal conduct." *Id.* at 17 (citing *United States v. Haynes*, No. 1:18-cr-00058-RMB, 2023 WL 5287806, at *4; *United States v. Kennedy*, No. 16-CR-20465, 2021 WL 2525434, at *2 (E.D. Mich. June 21, 2021)). The R&R accordingly concludes the § 3553(a) factors do not support compassionate release.

Finally, Judge Torres found "Defendant's dangerousness and use of violence associated with the convicting offense, plus his history of recidivism as shown by Defendant's repeated

contacts with the criminal justice system, the record as a whole indicates that he would remain a danger to the community if released." *Id.* at 18 (citations omitted). The R&R notes this finding "reinforces that [Defendant's] pending motion should be [d]enied." *Id.*

The R&R accordingly recommends Defendants' Motion be denied.

**C. Objection**

Defendant's Objection notes Defendant "does not take issue with the Report and Recommendation's statements regarding the applicable law[,]" and that Defendant "only wishes to clarify certain facts." ECF No. [108] at 4. The Objection includes a personal statement from Defendant, wherein Defendant provides further details on his relationship with Mr. Helfin-El as well as Mr. Heflin-El's medical issues, the circumstances surrounding Defendant's prior offenses, and expresses remorse for those offenses. *See id.* at 2-4.

On the merits, the Objection contends Mr. Heflin-El's failing health constitutes an extraordinary and compelling family circumstance justifying compassionate release. Defendant argues this is the case because (1) Mr. Heflin-El is incapacitated, (2) Defendant's relationship with Mr. Heflin-El is similar in kind to that of a father-son relationship, and (3) Defendant is the only person available to be Mr. Heflin-El's full-time caretaker. Further, Defendant argues the Court should consider Defendant's rehabilitation and harsh conditions of confinement in conjunction with his family circumstances. Finally, Defendant objects to the R&R's finding that the § 3553(a) factors do not support his release, and that he is a danger to the community. Even if the Court disagrees, Defendant requests that the Court consider home confinement for the remainder of his sentence in lieu of release. The Government responds by observing Defendant's Objection does "not identify any errors in law[,]" instead arguing Judge Torres' factual conclusions are erroneous. ECF No. [109]. The Government contends the R&R's factual conclusions are correct, and that

Defendant accordingly fails to establish the necessary extraordinary circumstance authorizing this Court to modify his sentence. Further, the Government argues the R&R correctly concluded the § 3553(a) factors do not support release, and that Defendant remains a danger to the community.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted)). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

As noted, Defendant does not argue Judge Torres applied the incorrect legal standard. Instead, Defendant objects that the R&R erred in concluding Defendant fails to present an extraordinary and compelling circumstance warranting compassionate release, in finding the § 3553(a) factors do not support release, and by failing to consider whether Defendant's sentence

should be modified to permit home confinement. The Court discusses each in turn.

### A. Extraordinary and Compelling Circumstances

Defendant's contends the R&R errs in concluding the three extraordinary circumstances outlined in the Motion—(1) family circumstances, (2) rehabilitation, and (3) harsh conditions of confinement—fail to demonstrate compassionate release is warranted. The Court disagrees for the reasons discussed below.

#### i. Family Circumstances

As detailed above, the R&R accurately observes that for family circumstances to support compassionate release under U.S.S.G. § 1B1.13, Defendant first must "demonstrate that (1) Edward Heflin-El is medically incapacitated, (2) Mr. Heflin-El and the Defendant have a relationship that is similar in kind to that of a parent, and (3) Defendant is the only person available to care for Mr. Heflin-El." ECF No. [107] at 5-6. Defendant agrees this is the proper legal framework. However, Defendant argues the R&R erred in finding Mr. Heflin-El is not incapacitated, that Defendant and Mr. Heflin-El's relationship is not similar in kind to a father-son relationship, and that Defendant is not the only person available to care for Mr. Heflin-El.

First, Defendant contends the R&R errs by failing to find Mr. Heflin-El is incapacitated. For support, Defendant details Mr. Heflin-El's various medical conditions, observes he "is unable to walk more than short distances, he is losing his vision, and he has falls and memory lapses." ECF No. [108] at 4. Defendant notes these conditions mean Mr. Heflin-El cannot be left alone and needs full-time care. However, Judge Torres accounted for Mr. Heflin-El's deteriorating condition in his R&R. *See* ECF No. [107] at 6 ("Mr. Heflin-El's veterans affairs statement, hospital discharge instructions, kidney transplant registration, and the family letters do demonstrate his deteriorating health condition[.]"). As the R&R observes, while this medical documentation certainly makes

determining whether Mr. Heflin-El is incapacitated a "close call[,]" Defendant does not provide "verifiable medical documentation" indicating Mr. Heflin-El is incapable of self-care. *See* 28 C.F.R. § 5050.50 (describing incapacitation as a "serious injury, or a debilitating physical illness . . . [which renders that person] completely disabled, meaning [that the person] . . . cannot carry on any self-care and is totally confined to a bed or chair."). More importantly, the R&R did not find Mr. Heflin-El is *not* incapacitated, nor did Judge Torres rest his conclusion on this basis. Instead, the R&R found Defendant's claim fails "regardless of whether Mr. Heflin-El is incapacitated in the way that 18 U.S.C. § 3582 and U.S.S.G §1B1.13 contemplate[.]" ECF No. [107] at 7. The Court agrees that whether Mr. Heflin-El is incapacitated is unclear on this record. Even assuming Mr. Heflin-El is incapacitated, however, the Court also agrees that Defendant fails to show his family circumstances warrant compassionate release.

Defendant next objects that the R&R erred in concluding his relationship with Mr. Heflin-El is not similar in kind to a father-son relationship. As noted, the R&R observed Mr. Heflin-El began a relationship with Defendant's mother in 2010, the two married in 2016, and that Defendant was in his thirties when he was arrested in July 2011 "and has been incarcerated since." *Id.* at 8. Although the R&R noted "it is quite possible that Defendant has developed some form of a relationship with Mr. Heflin-El since his incarceration, and while a relationship between a stepfather and stepchild can rise to the level of being 'similar in kind' to that of a parent," Judge Torres concluded "the relationship here does not seem to be 'similar in kind' to that of a parent and child." *Id.*

Defendant's Objection describes his relationship with Mr. Heflin-El in further detail, and makes clear Defendant considers Mr. Heflin-El to be his father, and that the two enjoy a strong relationship. *See* ECF No. [108] at 5-6. However, Defendant's statement fails to show Judge Torres

13

erred in concluding Defendant's relationship with Mr. Heflin-El is not similar in kind to that of a parent and child within the meaning of U.S.S.G §1B1.13(b)(3)(A)-(D). Defendant's personal statement explains Defendant and Mr. Heflin-El's relationship blossomed before his incarceration and continued to grow during Defendant's incarceration. However, Judge Torres accurately observed this relationship began while Defendant was in his thirties, and less than a year and a half before Defendant was ultimately incarcerated. While the Court does not doubt Defendant and Mr. Heflin-El are close, and that their relationship is familiar in nature, it agrees that these facts do not support finding Defendant and Mr. Heflin-El's relationship is similar in kind to a father-son relationship under U.S.S.G §1B1.13(b)(3)(A)-(D). Defendant was himself an adult when the two met, and the majority of their relationship developed during Defendant's incarceration. Other than his personal statement, Defendant provides no support for his position that this relationship is properly considered similar in kind to a father-son relationship under U.S.S.G §1B1.13(b)(3)(A)-(D). The Court accordingly agrees with the R&R's conclusion that Defendant's relationship with Mr. Heflin-El fails to satisfy this requirement.

Moreover, the Court agrees with the R&R's conclusion that Defendant is not the only person available to care for Mr. Heflin-El. Defendant objects this conclusion "does not reflect the reality of the type of care Mr. Heflin-El needs." ECF No. [108] at 6. Defendant acknowledges other family members can provide some care to Mr. Heflin-El but contends providing full-time care is an impossibility for them. Defendant notes his mother "is herself debilitated and in need of assistance[,]" and that other relatives "have significant obligations that prevent them from being able to assist Mr. Heflin-El full-time." *Id.* at 6-7. However, Judge Torres accurately observed §1B1.13(b)(3)(D) requires showing Defendant "would be the *only* available caregiver for such family member or individual." (emphasis added). Although the Court acknowledges Mr. Heflin-

14

El's family members may be unable to consistently provide full-time care to Mr. Heflin-El—rather than simply being inconvenienced by doing so—§1B1.13(b)(3)(D) is clear that Defendant must be the only available caregiver. The record demonstrates Defendant is one of several available caregivers. The R&R therefore did not err in finding Defendant failed to satisfy this requirement, and that the obligations of Mr. Heflin-El's other relatives do not disqualify them as available caregivers. *See* ECF No. [107] at 8-9 (citing *United States v. McBriarty*, No. 3:16-cr-109 (SRU), 2021 WL 1648479, at *8 (D. Conn. Apr. 27, 2021); *United States v. Nishida*, No. 19-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 12, 2023)).

The Court accordingly adopts the R&R's finding that Defendant fails to show his family circumstances constitute an extraordinary and compelling circumstance warranting compassionate release. Even assuming Mr. Heflin-El is incapacitated, Defendant has failed to show his relationship with Mr. Heflin-El is similar in kind to a father-son relationship, or that he is the only available caregiver for Mr. Heflin-El.

### ii. Rehabilitation

Defendant next objects that the R&R failed in considering his rehabilitation in combination with his family circumstances. Although Defendant acknowledges rehabilitation is not an independent basis for compassionate release, he contends it should be considered along with his family circumstances. However, the Court has already found Defendant's family circumstances do not constitute an extraordinary or compelling circumstance justifying compassionate release. The R&R therefore correctly found Defendant's rehabilitation efforts, while commendable, fail to provide a basis for compassionate release.

### iii. Conditions of Confinement

As with rehabilitation, Defendant contends the harsh conditions of his confinement should

be considered in conjunction with the other extraordinary circumstances detailed in his Motion. *See* ECF No. [108] at 7 ("Should the Court decline to recognize this factor as an independent basis for compassionate release, the Court should nonetheless consider the lengthy period of extremely difficult conditions of confinement Mr. Gonzalez suffered."). Defendant does not object to the R&R's finding that conditions of confinement do not constitute an independent extraordinary and compelling circumstance justifying compassionate release. Moreover, as Judge Torres observes, courts have not recognized the conditions created by the Covid-19 pandemic as an extraordinary and compelling circumstance—including this Court. *See* ECF No. [108] at 13 (collecting cases); *see also United States v. Alvarez*, No. 14-cr-90110-BLOOM, 2022 WL 16856250, at *6 (S.D. Fla. Nov. 10, 2022) ("Defendant provides no authority, nor has the Court found any, to support relief [for harsh living conditions] pursuant to § 3582."). The Court accordingly agrees that Defendant's conditions of confinement fail to provide an extraordinary or compelling circumstance for compassionate release.[1]

Accordingly, the Court adopts the R&R's finding that Defendant fails to present an extraordinary or compelling circumstance warranting compassionate release.

### B.  § 3553(a) Factors

The R&R accurately observes that concluding Defendant fails to present an extraordinary or compelling circumstance justifying compassionate release renders the applicability of the § 3553(a) factors moot. However, the Court briefly discusses those factors considering the R&R analyzed their applicability, and Defendant objects to the R&R's conclusion that § 3553(a) does not support compassionate release.

---

[1] The Court therefore does not consider whether *Bryant* continues to apply to §1B1.131(b)(5), as amended.

First, Defendant does not dispute the R&R's finding that he was convicted of a serious crime but contends this finding does not preclude compassionate release. However, this observation fails to support a conclusion that Judge Torres erred in finding "[t]he seriousness of this offense, along with the above-mentioned goals of the statute and policy statement, counsel against compassionate release." ECF No. [107] at 16. Second, Defendant argues the thirteen years he has already served is sufficient to satisfy the statutory purposes of sentencing. However, the Court agrees with Judge Torres' finding that "releasing defendant early given the criminal history and circumstances surrounding his most recent offense would 'undermine the intended purpose of deterring future criminal conduct.'" *Id.* at 17 (quoting *United States v. Haynes*, No. 1:18-cr-00058-RMB, 2023 WL 5287806, at *4 (D. N.J. Aug. 16, 2023)). Third, Defendant objects and urge that his personal statement and rehabilitation show his history and characteristics support compassionate release. But the R&R noted Defendant is a "career offender" whose factual proffer details "a lengthy criminal history." *Id.* at 16. The Court disagrees that the R&R erred by failing to consider Defendant's personal statement and rehabilitation in conjunction with those factors. Moreover, Judge Torres considered Defendant's explanation of his criminal history, but concluded his explanations do "not diminish the lengthy history that the presentence investigation demonstrates." *Id.* at 16. The Court agrees and adopts the R&R's finding that "Defendant's history and characteristics also do not counsel in favor of compassionate release." *Id.* at 17 (citing *United States v. Gray*, No. 22-11963, 2023 WL 1836789, at *3 (11th Cir. Feb. 9, 2023) (affirming district court's dismissal of motion for compassionate release where § 3553(a) factors counseled against granting the motion because an "early release would not reflect the seriousness of his offense, promote respect for the law, or afford adequate deterrence considering his present offense of armed robbery and his criminal history designating him as a career offender.")).

Finally, Defendant objects that the R&R erred in concluding Defendant continued to pose a danger to the community. The R&R concluded "[b]ased on the preceding discussion, Defendant's dangerousness and use of violence associated with the convicting offense, plus his history of recidivism as shown by Defendant's repeated contacts with the criminal justice system, the record as a whole indicates that he would remain a danger to the community if released." *Id.* at 18. Defendant argues this conclusion is error. But the only evidence cited in support of Defendant's position is "the evidence of [Defendant's] rehabilitation over the past thirteen years[.]" ECF No. [108] at 9. The Court determines that Defendant's personal statement and rehabilitation, without more, fail to show he no longer poses a danger to the community and agrees with Judge Torres' conclusion based on the record.

### C.  Home Confinement

Defendant also objects and contends Judge Torres erred in failing to consider whether the Court should impose home confinement, either in conjunction or in lieu of a reduction in sentence. However, Defendant provides no support for his position that home confinement is proper where, as here, the Court finds Defendant fails to present an extraordinary or compelling circumstance justifying compassionate release, and Defendant poses a danger to the community. Judge Torres accordingly did not err in failing to consider home confinement in light of those conclusions.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [107]**, is **ADOPTED**;

2. Defendant's Objection, **ECF No. [108]**, is **OVERRULED**;

3. Defendant's Motion for Compassionate Release, **ECF No. [93]**, is **DENIED**.

Case No. 11-cr-20474-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 24, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record

Celace Poliard
17793-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE