**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-cr-20474-BLOOM**

UNITED STATES OF AMERICA,

v.

RODGER GONZALEZ, JR.,

     Defendant.

_____/

## <u>ORDER ON MOTION TO REDUCE SENTENCE</u>

**THIS CAUSE** is before the Court upon Defendant Rodger Gonzalez Jr.'s Motion to Reduce

Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [111] ("Motion"). The Government filed

a Response in Opposition ("Response"), ECF No. [114], and the Defendant filed a Reply in Support

("Reply"), ECF No. [118]. The Court has reviewed the Motion, the supporting and opposing

submissions, the record, and is otherwise fully advised. For the reasons that follow, the Defendant's

Motion is denied.

## I.    BACKGROUND

Defendant was arrested along with his co-conspirators on June 30, 2011, in connection with

an attempted robbery that was a reverse sting operation. *See* ECF No. [30]. Defendant entered into a

plea agreement, through which he agreed to plead guilty to Count 5 of the Superseding Indictment,

which charged Defendant with possessing a firearm in furtherance of a crime of violence and a drug

trafficking crime. *Id*. The Court sentenced Defendant to a term of imprisonment of 327 months

followed by four years of supervised release, restitution totaling $148,110.63, and a special

assessment of $100.00. Defendant twice moved to vacate his conviction, ECF Nos. [40], [71], but the

Court denied both motions. ECF Nos. [47], [89].

On November 2, 2023, Defendant moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) — arguing that three extraordinary and compelling reasons warrant a reduced sentence: (1) his family circumstances, namely, his status as the sole caregiver for his ailing stepfather, Edward Heflin-El; (2) his rehabilitation following his conviction; and (3) the harsh conditions of his confinement. *See* ECF No. [93] at 9-14. The Court referred the motion to Magistrate Judge Edwin G. Torres for a Report and Recommendations ("R&R"). ECF No. [106]. Judge Torres found that none of Defendant's reasons for compassionate release constitutes extraordinary and compelling reasons warranting his release, the § 3553(a) factors do not support compassionate release, and Defendant would remain a danger to the community if released. ECF No. [107] at 5-18. Judge Torres recommended Defendant's motion be denied. *Id.* at 18. Defendant filed his objections to the R&R, ECF No. [108], and the Government filed its response to Defendant's objections, ECF No. [109]. This Court adopted the R&R in full, overruled Defendant's objections, and denied Defendant's motion for compassionate release. ECF No. [110] at 18.

On August 5, 2025, Defendant filed the instant Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. [111]. Defendant argues that four extraordinary and compelling reasons warrant a reduced sentence: (1) Defendant's conviction was the result of a now-discredited practice of staging stash house reverse sting operations; (2) his family circumstances; (3) his rehabilitation; and (4) the harsh conditions of his confinement. *Id*. at 7-13. The Government responds that Defendant has not met his burden of showing extraordinary and compelling reasons warranting a sentence reduction, the § 3553(a) factors counsel against relief, and Defendant remains a danger to the community. ECF No. [114] at 20.

## II.     LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A)(i). The relevant portion of the statute provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction. . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i).

3

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). "Each of these circumstances is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit." *United States v. Harris*, Case No. 8:18-cr-483, 2024 WL 4932775, at *2 (M.D. Fla. Dec. 2, 2024) (citing *Bryant*, 996 F.3d at 1262).

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court must find as follows:

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. *Third*, the Court should turn to the "extraordinary and compelling reasons" test. . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*.

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.   DISCUSSION

#### A.  Administrative Exhaustion or 30-Day Exception

To file a motion for a reduced sentence, Defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In February 2025, Defendant asserts that he submitted a request that the warden file a compassionate release motion on his behalf. ECF No. [111] at 5. The warden did not respond. *Id*. Defendant filed this Motion on August 5, 2025. *Id*. at 19. Therefore, Defendant has administratively exhausted his remedies, as more than 30 days lapsed between the receipt of Defendant's request by the warden and when Defendant filed this Motion. The Government does not dispute that Defendant has satisfied this requirement. *See generally*, ECF No. [114]. Accordingly, this Court proceeds with the remainder of the sentence reduction analysis.

#### B.  Extraordinary and Compelling Reasons Under § 3582(c)(1)(A)

Defendant seeks a sentence reduction pursuant to § 3582(c)(1)(A) which states:

(c) Modification of an imposed term of imprisonment. — The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . . .

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i).

As stated, Defendant contends that four extraordinary and compelling reasons warrant a reduced sentence: (1) Defendant's conviction was the result of a now-discredited practice of staging stash house reverse sting operations; (2) his family circumstances; (3) his rehabilitation; and (4) the harsh conditions of his confinement. ECF No. [111] at 7-13. Presented with the nearly identical arguments raised in ground 2, 3 and 4, this Court previously found that Defendant "fails to present an extraordinary or compelling circumstance warranting compassionate release." ECF No. [114] at 16. Nonetheless, the Court discusses each in turn.

### i. Stash House Reverse Sting Operation

Defendant's primary basis for compassionate release is that his conviction was the result of an improper practice of staging stash house reverse sting operations. ECF No. [111] at 6. Defendant argues this warrants extraordinary and compelling circumstances under § 1B1.13(b)(5), the "catch-all" provision, and under § 1B1.13(b)(6), the "unusually long sentence" provision. *Id*. at 9.

Defendant argues the § 1B1.13(b)(5) "catch-all" provision supports compassionate release for two reasons: (1) his prosecution resulted from the type of reverse stash house sting operation that has since been discontinued by law enforcement and condemned by numerous courts; and (2) his role in the conspiracy was "relatively minor." *Id.* at 8-9. In support, Defendant cites two Southern District of Florida cases, in which the court granted compassionate release to defendants whose convictions were the result of stash house reverse sting operations. *Id*. at 8 (first citing *United States v. Rivero*, 762 F. Supp. 3d 1245, 1248 (S.D. Fla. 2024); then citing *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. 2024)).

6

The Government responds that *Evans* is distinguishable as: (1) the case involved a § 924(c) enhancement, where the presence of a "machine gun" contributed 30 consecutive years to the defendant's nearly 50 year sentence; (2) the government's aiding and abetting theory would not survive scrutiny in light of the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, 79 (2014); and (3) the quantity of drugs attributable to the defendant — a judicial finding by a preponderance of evidence as opposed to by a jury beyond a reasonable doubt —would not hold up in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 467 (2000). ECF No. [114] at 11-12. The Government contends those factors are "demonstrably more extraordinary and compelling . . . than those presented by the defendant, here." *Id.* at 12. As for *Rivero*, the Government responds that the case is distinguishable as the case involves: (1) a 420 month sentence, which is substantially more than Defendant's 327 month sentence; (2) the defendant was merely a tagalong, a hired hand to assist the criminal deeds of others, whereas here, the Defendant "assisted [the co-defendants] in gathering their equipment [for the armed robbery]" and was recommended for "neither an aggravating nor mitigating role adjustment[;]" and (3) the defendant had already served 24 years of his sentence by the time the court considered his motion, ten more years than Defendant. *Id*. at 13.

Defendant replies to the Government's argument "that the outcome of *Evans* was based on multiple factors, . . . every case offers its own unique set of circumstances. . . . [Defendant's] case also presents circumstances in addition to the involvement of a reverse stash house sting operation that support a reduction in sentence." ECF No. [118] at 4. As to the "circumstances in addition to the involvement of a reverse stash house sting operation[,]" Defendant points to his family medical situation, his rehabilitation, and the conditions of his confinement. *Id.* (citing ECF No. [111] at 11-13).

The cases cited by Defendant, *Evans* and *Rivero*, are distinguishable from Defendant's case. In *Evans*, the court held that under § 1B1.13(b)(6), defendant was serving an unusually long sentence, a change in law occurred, and the intervening change in law would produce a grossly disparate sentence. 759 F. Supp. 3d at 1266 ("As such, the changes in law announced by *Apprendi* and *Rosemond* produce a gross disparity in Mr. Evans's sentence as to Counts I and II respectively, constituting an extraordinary and compelling reason for reduction under § 1B1.13(b)(6)."). Only after concluding § 1B1.13(b)(6) provides an independent basis to grant defendant's motion for a reduction in his sentence did the court consider the reverse sting operation. *Id.* at 1266. The circumstances beyond the involvement in a reverse sting operation in *Evans* — namely the § 924(c) enhancement and the intervening changes in law from both *Rosemond* and *Apprendi* — are sufficiently more extraordinary and compelling than the circumstances presented by the   Defendant here — his family medical situation, his rehabilitation, and the conditions of his confinement. This is especially true considering the intervening change in law in *Evans* falls squarely within § 1B1.13(b)(6), whereas here, each of Defendant's circumstances "in addition to the involvement of a reverse stash house sting operation" do not amount to extraordinary and compelling circumstances warranting compassionate release. *See infra* Section III.B.ii-iv.

Critically,   the Eleventh Circuit has held that reverse sting operations are lawful. *See, e.g.*, *United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007) ("Government-created reverse sting operations are recognized and useful methods of law enforcement investigation." (citing *United States v. Sanchez*, 138 F.3d 1410, 1413 (11th Cir. 1998)); *United States v. Clarke*, 649 F. App'x 837, 845 (11th Cir. 2016) ("The fact that the government's fictitious reverse sting operation involved a large quantity of drugs does not amount to the type of manipulative governmental conduct warranting a downward departure in sentencing."). Accordingly, the Defendant's conviction, being the result of

a reverse sting operation, does not constitute an extraordinary and compelling reason warranting compassionate release.

Defendant also argues the § 1B1.13(b)(6) "unusually long sentence" provision supports compassionate release. ECF No. [111] at 9. The Government responds that subsection (b)(6)'s unusually long sentence provision is invalid and should be disregarded. ECF No. [114] at 15. But as the Government acknowledges, the Court has already analyzed this issue and found that subsection (b)(6) is valid. *See United States v. Qazi*, No. 12-CR-60298, 2024 WL 4212886, at *5-7 (S.D. Fla. Sept. 17, 2024) ("The Court finds that subsection (b)(6) was a valid exercise by the Sentencing Commission of its statutory authority to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" (citing 28 U.S.C. § 994(t))). The Court need not revisit the issue of subsection (b)(6)'s validity. Alternatively, the Government argues Defendant has not met subsection (b)(6)'s requirements. ECF No. [114] at 18.

Under subsection (b)(6), "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason" if: (1) "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" but (2) "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Defendant argues his 327-month sentence is an unusually long sentence, and there has been a change in law since the time the Defendant was sentenced. ECF No. [111] at 9. Specifically, Defendant contends that the Government has ceased using stash house reverse sting operations of the type that resulted in the charges against Defendant, and that this constitutes a change in the law. *Id*. The Government concedes that Defendant has served more than 10 years but responds that "a shift in

law enforcement tactics" is not a "change in law[.]" ECF No. [114] at 18. Defendant did not reply to this argument. *See* ECF No. [118] at 6 ("In any event, the Court need not rely on paragraph (b)(6) to grant relief and may grant relief under paragraph (b)(5) for the reasons explained above and in the Compassionate Release Motion."). The Court finds that a shift in law enforcement tactics does not amount to a change in law under subsection (b)(6). Accordingly, Defendant has not met his burden of showing that the requirements of subsection (b)(6) are satisfied. U.S.S.G. § 1B1.13(b)(6).

### ii. Defendant's Family Circumstances

Defendant argues that the current medical state of his mother's husband, Mr. Heflin-El, rises to the level of extraordinary and compelling circumstances. Defendant acknowledges that he raised the same argument in his prior compassionate release motion, ECF No. [111] at 10 ("[Defendant's] prior compassionate release motion, reply, and objections to the Report and Recommendation described in detail his stepfather's medical condition and his family's need for Mr. Gonzalez to assist as a care provider."), but argues that his stepfather's condition "has deteriorated since that time." *Id.* The Government responds that Defendant does not provide sufficient corroborating evidence to show that: (1) Defendant's stepfather's condition worsened to the point that his stepfather is now medically incapacitated; (2) Defendant is now the only available caregiver; and (3) Defendant has the requisite familial relationship with his stepfather. ECF No. [114] at 8.

For family circumstances to support compassionate release under U.S.S.G. § 1B1.13, Defendant first must demonstrate that (1) Mr. Heflin-El is medically incapacitated, (2) Mr. Heflin-El and the Defendant have a relationship that is similar in kind to that of a parent, and (3) Defendant is the only person available to care for Mr. Heflin-El. The Court recognizes since Defendant's prior compassionate release motion, Mr. Heflin-El received a kidney transplant and has allegedly suffered multiple complications in connection with the transplant. ECF No. [111] at 10. Whether Mr. Heflin-El is medically incapacitated is unclear on this record. Even assuming Mr. Heflin-El is incapacitated,

the Defendant fails to show that he is Mr. Heflin-El's only available caregiver or that Defendant has the requisite familial relationship with Mr. Heflin-El. When the Defendant presented the same issue in his prior compassionate release motion, this Court found that "these facts do not support finding Defendant and Mr. Heflin-El's relationship is similar in kind to a father-son relationship under U.S.S.G. § 1B1.13(b)(3)(A)-(D)." ECF No. [110] at 14. Accordingly, Defendant fails to show his family circumstances warrant compassionate release.

Defendant acknowledges that this Court denied his previous compassionate release motion under § 1B1.13(b)(3) "based on a finding that [Defendant's] relationship with his stepfather is not similar in kind to a parent-child relationship and [Defendant] is not the only available caregiver for his stepfather." ECF No. [111] at 11 (citing ECF No. [110] at 5-6). Despite not meeting the criteria under § 1B1.13(b)(3), Defendant argues that this Court may consider his family circumstances under the "catch-all" provision of § 1B1.13(b)(5) and in analyzing Mr. Gonzalez's individualized circumstances under § 1B1.13(b)(6). Id. at 10-11. But Defendant cannot circumvent the "family circumstances" criteria under § 1B1.13(b)(3) by simply citing to the "catch-all" provision of § 1B1.13(b)(5) or the individualized circumstances analysis under § 1B1.13(b)(6). In short, Defendant fails to show his family circumstances constitute an extraordinary and compelling circumstance warranting compassionate release.

### iii. Defendant's Rehabilitation

Defendant acknowledges rehabilitation is not an independent basis for compassionate release. ECF No. [111] at 12 ("Although the Court cannot grant compassionate release based solely on [Defendant's] rehabilitation, the Court can and should consider it in determining whether to reduce [Defendant's] sentence."). Defendant contends that his rehabilitation should be considered if the Court finds that his conviction — having been the result of a reverse sting operation — constitutes an extraordinary or compelling circumstance. Id. However, the Court already found that the

11

circumstances of his conviction do not constitute an extraordinary or compelling reason justifying compassionate release. *See supra* Section III.B.i. Defendant's rehabilitation efforts, while commendable, fail to provide a basis for compassionate release. *See* ECF No. [110] at 15.

### iv. Defendant's Conditions of Confinement

Defendant argues the Court should consider the harsh conditions of confinement Defendant experienced during the Covid-19 pandemic in evaluating the context of his Motion. ECF No. [111] at 12. Defendant acknowledges that this Court previously found that Defendant's conditions of confinement fail to provide an extraordinary or compelling circumstance for compassionate release. *Id*. ("[T]he Court previously found [Defendant's conditions of confinement] do not independently provide a basis for compassionate release."); *see* ECF No. [110] at 16 ("Defendant's conditions of confinement fail to provide an extraordinary or compelling circumstance for compassionate release."). Courts have not recognized the conditions created by the Covid-19 pandemic as an extraordinary and compelling circumstance — including this Court. *See* ECF No. [108] at 13 (collecting cases); *see also United States v. Alvarez*, No. 14-cr-90110-BLOOM, 2022 WL 16856250, at *6 (S.D. Fla. Nov. 10, 2022) ("Defendant provides no authority, nor has the Court found any, to support relief [for harsh living conditions] pursuant to § 3582."). Accordingly, Defendant's conditions of confinement is not an extraordinary or compelling reason warranting compassionate release.

### C. <u>Section 3553(a) Factors and Defendant's Danger to the Community</u>

Concluding Defendant fails to present an extraordinary or compelling circumstance justifying compassionate release renders the applicability of the § 3553(a) factors moot. But even assuming Defendant could demonstrate extraordinary or compelling circumstances, the Court previously found that the § 3553(a) factors weigh against compassionate release. ECF No. [110] at 16-18. Defendant was convicted of a serious crime, releasing him early given the criminal history and circumstances surrounding his most recent offense would "undermine the intended purpose of deterring future

criminal conduct[,]" *United States v. Haynes*, No. 1:18-cr-00058-RMB, 2023 WL 5287806, at *4 (D. N.J. Aug. 16, 2023), and Defendant's history and characteristics do not counsel in favor of compassionate release. ECF No. [110] at 16-18; ECF No. [107] at 14-17. Nothing has changed to alter the Court's previous conclusion. Accordingly, § 3553(a) factors weigh against compassionate release.

Similarly, the Court previously found that Defendant failed to show he no longer poses a danger to the community. ECF No. [110] at 18; ECF No. [107] at 18. As Judge Torres explained, "Defendant's dangerousness and use of violence associated with the convicting offense, plus his history of recidivism as shown by Defendant's repeated contacts with the criminal justice system, the record as a whole indicates that he would remain a danger to the community if released." ECF No. [107] at 18 (first citing *United States v. Noesi*, No. 20-12827, 2021 WL 3754592, at *3 (11th Cir. Aug. 25, 2021) ("being a danger to the community is fatal to a compassionate release motion. . . ."); then citing *United States v. Young*, No. 06-710-02, 2020 WL 4925592, at *3 (E.D. Pa. Aug. 21, 2020) (denying defendant's motion for compassionate release because even if the defendant's needed medical care weighed in favor of release, the violence associated with the underlying robbery, history of recidivism, and criminal history "weigh[ed] against granting the motion because the sentencing goals of just punishment, deterrence, and protecting the public would be undermined by [defendant's] release.")). The Court agreed with Judge Torres' conclusion based on the record. ECF No. [110] at 18. Defendant's job offer letter, his conduct while incarcerated, and his age do not alter the Court's conclusion. *See* ECF No. [111] at 17-18. Accordingly, Defendant fails to show he no longer poses a danger to the community.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), **ECF No. [111]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record